UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JASON LEE SARABIA,<br><br>        Defendant. | Case No. 5:18-cr-441 (RCL) |

## MEMORANDUM

The Court has considered and denied defendant Jason Lee Sarabia's motion [182] for discovery of mitigating evidence. ECF No. 193. Sarabia's motion expresses concern that not all of the images found on Sarabia's devices were child pornography. This has been freely admitted by the government and accepted by the Court, but is not material for the purposes of sentencing. Sarabia also notes that of the 84 images of child pornography listed in the forensic report, only 77 were offered at trial. According to the government, the "missing" seven images were not published to the jury due to a visceral juror reaction. ECF No. 191. As the government points out, the 84 images were only a fraction of the over one thousand found on Sarabia's devices and bear no weight on sentencing. "Pursuant to 2G2.2(b)(7)(D), there is a 5 level enhancement for possessing over 500 images depicting child pornography. There were 1008 images depicting child pornography found on the Samsung device that are contained in Government Exhibits #27a and #27b." ECF No. 191. The Court agrees.

      The crux of these initial concerns raised by Sarabia is a request for a list of all of the images on his devices, as well as the names and hash values of the images. The government insists this information has been provided to Sarabia multiple times already. Even so, the

government has agreed to resend these materials to Sarabia, thus resolving his request. ECF No. 191.

Sarabia next seeks the NCMEC report that the government filed, as well as any victim impact statement. The government again insists that the report has already been made available to Sarabia for his review, but includes a redacted version in satisfaction of his request. The NCMEC report mentions the possible existence of a victim impact statement along with instructions to gain access. Ex. C, ECF No. 191-3.

Finally, Sarabia seeks evidence to support an "acceptance of responsibility" argument. Specifically, Sarabia requests "Copies of communications or notes of, between the Government and the Defendant's previous counsel, Terrance McDonald or Jon Disrud, regarding the Defendant's willingness to cooperate in the possible recovery of fruits or instrumentalities of the offense under U.S.S.G § 3E1.1 or 5K1." The government has provided an in-depth response to Sarabia's request. ECF No. 191. Even so, the Court requests that the government set forth for the record its account of Sarabia's attempted cooperation at the upcoming sentencing hearing.

SIGNED this 19th day of May, 2020.

                                              */s/ Royce Lamberth*
                                                Royce C. Lamberth
                                             United States District Judge